# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| CHARLES HOWARD, SR.,<br>Plaintiff | Case No. 1:12-cv-607 |
| vs. | Weber, J.<br>Litkovitz, M.J. |
| HAMILTON COUNTY JOB<br>AND FAMILY SERVICES,<br>Defendant. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, a resident of Cincinnati, Ohio, has filed a *pro se* complaint against defendant Hamilton County Job and Family Services. (*See* Doc. 1, Complaint). Also named in the complaint are Rob Gray and Thomas R. Lipps. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the pleading, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.

The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does

a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff brings this action against Hamilton County Job and Family Services (HCJFS), alleging that defendant violated his Thirteenth and Fourteenth Amendment rights. (Doc. 1, Complaint p. 17). Plaintiff also makes a number of state law claims, including interference with custody under Ohio Rev. Code § 2919.23, interfering with action to issue or modify support order under Ohio Rev. Code § 2919.231, contributing to unruliness or delinquency under Ohio Rev. Code § 2919.24, obstructing official business under Ohio Rev. Code § 2921.31, and "debt pooling companies" under Ohio Rev. Code § 4710. *Id.*

Plaintiff's complaint appears to largely stem from a September 19, 2011, child custody decision. Plaintiff contends that the imposition of child support obligations "without proper legislation and or deliberation is highly illegal and void." *Id.* at 5. He alleges that the intended of effect of the decision was "to polarize into inferiority of an African American citizen his equal rights and protection of law." *Id.* at 7. Plaintiff contends that "from a racial standpoint the system of job and family services has been one dominating a substantial number of cases in which the issue race onerous burdens of financial obligation has been significant." *Id.* at 11-12. He states that he "remain[s] confident that even today there are many cases whose outcome can be explained only by way of racial consideration upon Amendment 13." *Id.* at 11.

Plaintiff further alleges that judges Rob Gray and Thomas R. Lipps failed to comply with the Fourteenth Amendment. Plaintiff specifies that on November 1, 2011, Judge Rob Gray found him in contempt of court concerning a child support obligation without deliberation or privilege. *Id.* He notes that he was sentenced to 120 days of imprisonment and contends that the sentence amounted to an unconstitutional prosecution. *Id.* at 7-8.

3

Citing Ohio Rev. Code § 4705.04, plaintiff requests that the Court review his state court proceedings. *Id.* at 12. He claims that the state court erroneously determined that he was prone to violence and "rationalized their actions on the ground of financial security without moral qualm whatsoever. Rather that the black desire for dignity morality and concerns for freedom remained to be beaten back over many years though the repeated use of many cruel devices borrowed from the historical inventory of suppression" *Id.* at 13. For relief, plaintiff requests 740,000,000 dollars, forty acres and a mule. *Id.* at 9.

Plaintiff fails to assert any claim with an arguable basis in law over which this Court has subject matter jurisdiction on the basis of diversity of citizenship. With regard to diversity jurisdiction, a district court has jurisdiction over a suit between citizens of different states when the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). For a federal court to have diversity jurisdiction pursuant to section 1332(a), the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 531 (1967)). In other words, for complete diversity to exist the plaintiff must be a citizen of a different state than each of the defendants. *Caterpillar*, 519 U.S. at 68; *Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967). In the absence of complete diversity, the Court lacks subject matter jurisdiction. *Caterpillar*, 519 U.S. at 68.

There is not complete diversity of citizenship in this case. The complaint indicates that plaintiff and all of the defendants are Ohio citizens. (Complaint, pp. 1-2). Accordingly, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship.

With regard to the Court's federal question jurisdiction under 28 U.S.C. § 1331, the

complaint must be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff first claims that his rights were violated under the Thirteenth Amendment. To the extent that plaintiff contends that his child custody obligations or being held in civil contempt subjected him to involuntary servitude or otherwise resulted in a violation of his Thirteenth Amendment rights, plaintiff has failed to state a claim upon which relief may be granted. As the court found in *Anderson v. Lunkenheimer Co.*, No. C-1-75-90, 1976 WL 13287, at *4 (S.D. Ohio Feb. 10, 1976):

> The Thirteenth Amendment abolished slavery and involuntary servitude in the United States except as punishment for a crime. Cases which have interpreted this amendment have held that as a prerequisite to proof of involuntary servitude there must be a showing of compulsion. *Flood v. Kuhn*, 316 F.Supp. 271, 281 (S.D.N.Y. 1970), *aff'd*, 443 F.2d 264 (2d Cir. 1971), *aff'd*, 407 U.S. 258 (1972); *Beltran v. Cohen*, 303 F.Supp. 889, 893 (N.D. Cal. 1969). There is no showing in the complaint or otherwise of compulsion in the sense that plaintiff has been required to work for defendant against his will or that defendant has somehow prevented plaintiff from working for someone else against his will. There is, simply, no cause of action stated by plaintiff under the Thirteenth Amendment.

*Id.* See also *Powell v. National Distillers Products Co.*, No. C-1-76-186, 1980 WL 84, at *7-8 (S.D. Ohio Jan. 8, 1980). In this case, plaintiff has alleged no facts even remotely suggesting that defendant or any other party mentioned in the complaint subjected him to involuntary servitude. *See United States v. Ballek*, 170 F.3d 871, 874 (9th Cir. 1999) (holding that "child-support awards fall within that narrow class of obligations that may be enforced by means of imprisonment without violating the constitutional prohibition against slavery"); *Farley v. Santa Clara County Dept. of Child Support Services*, No. C-11-01994-LHK, 2011 WL 4802813, at *4-5 (N.D. Cal. Oct. 11, 2011) (reviewing "clear precedent rejecting the argument that child support violates the Thirteenth Amendment"). Accordingly, plaintiff has failed to state a claim upon which relief may be granted.

To the extent that plaintiff is attempting to have this federal court review his state court

proceedings, this federal court does not sit as a state appellate court and lacks federal jurisdiction to review the state-court decision plaintiff is attempting to challenge in this lawsuit. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine applies where, as here, a case is brought by the loser in state court complaining of injuries caused by a state-court judgment rendered before the district court proceedings commenced and inviting the district court to review and reject that judgment. *Exxon Mobile Corporation v. Saudia Basic Inds. Corp.*, 544 U.S. 280, 284 (2005). The crucial question is whether the "source of injury" upon which the federal plaintiff bases his federal claim is a state court judgment. *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008). "'If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction.'" *Id.* (quoting *McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006)). In this case, plaintiff explicitly requests that the Court review his state court proceedings and seeks relief from alleged injuries stemming from the adverse decisions issued by Judges Rob Gray and Thomas R. Lipps. (*See* Complaint, pp. 11, 12, 16). Accordingly, such claims are barred by the *Rooker-Feldman* doctrine.

Plaintiff has also failed to state an actionable claim under 42 U.S.C. § 1983. Plaintiff's claims against the named judges must be dismissed because judges are afforded absolute immunity from damages for acts they commit while functioning within their judicial capacity. *Pierson v. Ray*, 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). *See also Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001); *King v. Love*, 766 F.2d 962 (6th Cir. 1985). In this case, the complaint

6

sets forth no reasonable allegations that defendants were without the authority to preside over the state court proceedings. Therefore, the claims against judges Gray and Lipps must be dismissed.

With regard to plaintiff's allegations against defendant HCJFS, the complaint provides no factual content or context from which the Court may reasonably infer that the defendant somehow violated plaintiff's rights. Although plaintiff alleges that defendant hypocritically claims to strengthen families and committed "injustices towards [the] prosecution and charge of contempt" upon plaintiff, (*see* Complaint pp. 7, 11), plaintiff has not identified any specific action taken by HCJFS that resulted in a constitutional violation. Plaintiff's claim that HCJFS is "engaged in activities that may constitute a violation of both Amendment 13 and 14 Section 4" provides no "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Because plaintiff's complaint against the defendant is composed entirely of either pure legal conclusions or "legal conclusion[s] couched as [ ] factual allegation[s]," *Twombly*, 550 U.S. at 555, the complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Finally, to the extent plaintiff claims the actions of defendant violated the state law of Ohio, the Court should decline to exercise pendent jurisdiction over such claim because plaintiff fails to state a viable federal law claim. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). Thus, the state law claims should be dismissed without prejudice for lack of jurisdiction.

## IT IS THEREFORE RECOMMENDED THAT:

1. The plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an

appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 9/6/2012

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

CHARLES HOWARD, SR.,
    Plaintiff

vs

HAMILTON COUNTY JOB
AND FAMILY SERVICES,
    Defendant.

Case No. 1:12-cv-607

Weber, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).