# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

CHARLES HOWARD, SR.,  Case No. 1:12-cv-607
    Plaintiff,

                                   Barrett, J.
vs.                                     Bowman, M.J.

HAMILTON COUNTY JOB      **REPORT AND**
AND FAMILY SERVICES,      **RECOMMENDATION**
    Defendant.

This matter is before the Court on plaintiff's motion for leave to proceed *in forma pauperis* on appeal pursuant to 28 U.S.C. § 1915. (Doc. 15).

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *See also* Fed. R. App. P. 24(a). Good faith in this context is demonstrated when the party seeks appellate review of an issue that is not frivolous. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is frivolous where the appeal lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

On September 7, 2012, the Court issued a Report recommending that plaintiff's complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). (Doc. 7). Plaintiff filed objections to the Report and Recommendation and the District Judge has not yet ruled on the Report and Recommendation. Because there is no final judgment in this matter from which to file an appeal to the Sixth Circuit Court of Appeals, plaintiff's motion for leave to appeal in forma pauperis is premature. *See Sassower v. Mead Data Cent., Inc.*, Nos. 92-3107, 92-3108, 1992 WL 34403, at *1 (6th Cir. Feb. 24, 1992) (citing *Ambrose v. Welch*, 729 F.2d 1084, 1085 (6th Cir. 1984)); *see also Haney v. Addison*, 175 F.3d 1217, 1219 (10th Cir. 1999). For this reason, the Court certifies that any *in forma pauperis* appeal from the Report and Recommendation would be

frivolous and not taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3).   Accordingly, plaintiff's motion for leave to proceed *in forma pauperis* on appeal (Doc. 15) should be **DENIED**.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motion for leave to proceed *in forma pauperis* on appeal (Doc. 15) be **DENIED**.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal in forma pauperis.   Plaintiff remains free to apply to proceed in forma pauperis in the Court of Appeals.   *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).


    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

CHARLES HOWARD, SR.,          Case No. 1:12-cv-607
     Plaintiff

                                           Barrett, J.
vs                                  Bowman, M.J.

HAMILTON COUNTY JOB
AND FAMILY SERVICES,
     Defendant.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).