UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Charles M. Howard, Sr.,

    Plaintiff,                                            Case No. 1:12cv607

    v.                                                  Judge Michael R. Barrett

Hamilton County Job
and Family Services,

    Defendant.

## ORDER

This matter is before the Court upon the Magistrate Judge's September 7, 2012 Report and Recommendation ("R&R"), which recommends that Plaintiff's Complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). (Doc. 7). In the September 7th R&R, the Magistrate Judge also recommends that this Court certify pursuant to 28 U.S.C. § 1915(a) that an appeal of any Order adopting the R&R would not be taken in good faith, and therefore deny Plaintiff leave to appeal *in forma pauperis*. Following the entry of the R&R, Plaintiff filed several motions, including a Motion for Leave to proceed *in forma pauperis*.[1] On May 14, 2013, the Magistrate Judge entered a second R&R which notes that any *in forma pauperis* appeal was premature, and recommends denying Plaintiff's Motion. (Doc. 16).

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947

---

[1] Plaintiff's other motions were as follows: Motion for Review of Proceedings under 4705.03 (Doc. 10); Plaintiff's Notice Preview Motion of Child Support Termination (Doc. 11); and Plaintiff's Motion for Investigation (Doc.12).

(6th Cir. 1981).[2] Plaintiff filed objections to the September 7th R&R (Doc. 9), but did not file objections to the May 14th R&R.

In the September 7th R&R, the Magistrate Judge explains that Plaintiff's claims stem from a September 19, 2011 child custody decision.  Plaintiff brings claims against Hamilton County Job and Family Services based on the Thirteenth and Fourteenth Amendments.  Plaintiff also brings claims against Rob Gray and Thomas R. Lipps based on the Fourteenth Amendment.  Plaintiff also brings a number of state law claims.

The Magistrate Judge found that diversity jurisdiction does not exist because Plaintiff's Complaint indicates that Plaintiff and all Defendants are Ohio citizens.  Plaintiff has not raised an objection to this finding.

The Magistrate Judge explained that even though federal question jurisdiction exists over Plaintiff's constitutional claims, those claims must be dismissed for failure to state a claim upon which relief may be granted.  Plaintiff's objections do little to address this conclusion.  Plaintiff paraphrases parts of the Fourteenth Amendment and states: "If such African American Defendant questioned in State trial court, found guilty of Contempt of Court, Arrested, and sentenced any Jail time without proper legislation or deliberation or privilege, summary judgment go to Plaintiff in this Case." (Doc. 9, at 3). Therefore, in his Objections, Plaintiff does nothing to alter the Magistrate Judge's conclusion that Plaintiff "has not identified any specific action taken by HCJFS that resulted in a constitutional violation."  (Doc. 7, at 7).  Accordingly, Plaintiff's Objections on this point are OVERRULED.

---

[2] A notice was attached to the Magistrate's Report and Recommendation regarding objections.

In addition, as the Magistrate Judge explained, Judges Gray and Lipps are entitled to absolute immunity from damages for acts they commit while functioning within their judicial capacity. Plaintiff has not challenged this conclusion in his Objections.

Plaintiff has moved for a review of proceedings under the Ohio Revised Code.[3] Plaintiff made this request in the Complaint, in his Objections, and by separate motion (Doc. 10). Plaintiff also makes a reference to this provision in his Motion for Investigation. (Doc. 12). However, as the Magistrate Judge pointed out, this Court is barred by the *Rooker-Feldman* doctrine from reviewing his state court proceedings. Plaintiff does not address this conclusion in his Objections or his Motion for Review of Proceedings (Doc. 10). Instead, Plaintiff repeats language from the Fourteenth Amendment and asks: "If the African slave was set free from Bondage Long ago what legal reason for prosecution against Plaintiff from Job and family Services?" (Doc. 10, at 3). Yet, as the Magistrate Judge explained, to the extent that Plaintiff claims that his child custody obligations or being held in civil contempt subjected him to involuntary servitude, courts have found that such a claim fails to state a claim upon which relief can be granted. Therefore, the Court finds that Plaintiff's Objections on this point are OVERRULED and his Motion for Review is DENIED.

Plaintiff has also moved for an "investigation" of his state custody proceedings.

---

[3] Plaintiff cites Ohio Revised Code § 4705.03 but the provision which applies to a review of proceedings is Ohio Revised Code § 4705.04, which provides:

> In case of suspension or removal of an attorney at law by the court of common pleas, an appeal on questions of law may be had to the court of appeals, and the sentence of either the court of common pleas or the court of appeals, may be reviewed on appeal on questions of law in the supreme court. If such suspended or removed attorney shall desire a modification of the decree of suspension or removal, he shall file a written motion therefor in the court which entered such decree.

(Doc. 12). Even if this Court was not barred from reviewing those proceedings by the *Rooker-Feldman* doctrine, it is not clear what specific action Plaintiff is seeking to have investigated. Plaintiff refers to certain conduct in those proceedings which was wanton and willful, as well as filings which were "slander of character" and "negligence of ordinary care." However, Plaintiff does not make clear who took these actions or made these filings. Therefore, Plaintiff's Motion for Investigation is DENIED.

Based on the foregoing, it is hereby ORDERED that the Magistrate Judge's September 7, 2012 R&R (Doc. 7) and May 14, 2013 R&R (Doc. 16) are **ADOPTED**. Accordingly, Plaintiff's Complaint is **DISMISSED with PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a) that the appeal of this Order would not be taken in good faith, and therefore Plaintiff is denied leave to appeal *in forma pauperis*.

Accordingly, Plaintiff's Motion for Review of Proceedings under 4705.03 (Doc. 10); and Plaintiff's Motion for Investigation (Doc.12) are hereby **DENIED**.

This matter shall be **CLOSED and TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

                                           */s/ Michael R. Barrett*
                                           JUDGE MICHAEL R. BARRETT